*In re* THE PETITION OF WILLIAM W. REEVE, Receiver of the New York and Erie Insurance Company.

The application to the Supreme Court, by a receiver of an insurance company, for an order to commence an action upon the facts stated in the application, is addressed to the discretion of the court, and the order of the court thereupon is final, and cannot be reviewed on appeal.

Nor can it be made appealable by any assumption of the attorneys in the case, contrary to the actual facts adjudicated.

THE receiver in this matter presented a petition to the Supreme Court, setting forth a proposed complaint, in which he alleged his appointment as receiver, and the condition of the assets of the company and its debts, and the difficulties and expenses of closing up the business under the provisions of the statute in such case made; that the company owed debts to the amount of about $22,400, without assets sufficient to pay, without reference to the notes of the insured, which originally amounted to upwards of $97,000, about forty per cent of which had been assessed by the officers of the company, paid and applied to the payment of losses and expenses; that the receiver has brought many actions against several defendants, and his right to recover upon the premium notes given by them has been fully established at law; that he has made an assessment heretofore upon said premium notes, and many defendants have paid their assessments, but that said assessment has been held to be irregular, and, he believes and is advised, properly so held, and that another assessment or apportionment must be made; that, if the relief he asks be granted, he can pay off the debts of the company without calling in the whole amount of the premium notes; if it be denied, the costs and expenses of suits at law for the collection of said premium notes "will be so great as to consume the greater part of the whole amount of said premium notes, and leave a large portion of the company's debts unpaid." He asks, on these and other grounds, for the appointment of a referee to close up the whole of said business in equity; that a new assessment shall be made, and notices served on

those assessed to appear before the referee and show cause why they are not properly assessed, &c. ; that all the claims against the company and in its favor shall be established before the referee, &c., and the whole matter then closed up.

The petition stated the facts in the proposed complaint to be true, and he therefore prayed for the advice of the court in regard to the matters therein stated, and for an order directing him, or giving him leave, to bring an action upon the facts, and for the relief therein set forth, or for such further or other order as may be just. The court, at Special Term, denied the motion, on the ground that the remedy proposed for the difficulties might possibly be effectual, but the court could not discover it so clearly as to authorize the experiment, and referred the petitioner to the legislature; that the court could suggest no relief beyond the means then existing. Upon appeal, this order was affirmed at General Term in the second district. An attorney in opposition to the motion appeared, as the order shows, and he signed himself as attorney for the defendants. The receiver, from the order of the General Term, appeals to this court. The matter is submitted on a written argument in behalf of the receiver, and the respondents' attorney states that he has no objection to the relief sought for by the appellant, if it be a proper one in the case; and he leaves that to this court, with the remark that there is a full and adequate remedy at law under the various statutes of this State.

*James Wheeler*, for the appellant.

*J. W. Gott*, for the respondents.

PECKHAM, J. The order made herein is not appealable to this court. This was an application to the discretion of the court, to allow the institution of a peculiar action. The court exercised its discretion by denying the motion — not affirming that such an action could not be sustained, but, as matter of propriety or expediency, refusing to authorize its institution. Upon that ground, it is not appealable.

The counsel have sought to avoid this difficulty by agreeing, as they allege, that the matter shall be determined as if the respondents had demurred to the complaint for want of equity, and the court had sustained the demurrer. This does not aid the petitioner, because it appears that the suit has never in fact been instituted. No defendants are in court, and no such decision has in fact been made. There has been "no actual determination," as the Code requires, of any such question by the Supreme Court. Therefore, this court has no jurisdiction to review the decision of the court below as to the order there made; and we have no disposition to determine the rights of third parties upon a given case, when those parties do not appear in the cause, and cannot be heard as to its merits.

The appeal is dismissed.

DAVIES, Ch. J. The appellant, as receiver of a mutual insurance company, presented his petition to the Supreme Court, at Special Term, praying for its advice and direction in the discharge of his duties as such receiver. His motion was denied, and the order denying the application was affirmed at General Term.

I see no authority in the Code for this court to entertain this appeal. It certainly does not fall within the purview of subdivision 1 of section 11. It is not a judgment in an action. Neither does it come within subdivision 2. It is not an order made in an action. It is, also, not within the letter or spirit of subdivision 3. It is not a final order affecting a substantial right, made in a special proceeding, or upon a summary application in an action after judgment. It would be difficult to maintain that the petitioner has a *right* to the advice and direction of the Supreme Court, as to the manner in which he shall discharge his duties as an officer of that court. Whether or not that tribunal will give such advice and direction, is purely a matter of discretion with it; and, on this ground, an appeal from an order refusing to exercise such discretion is not maintainable.

But it is very clear that no substantial right of the petitioner is affected by this order. It would doubtless be convenient for the receiver to have the advice and direction of the court as to the discharge of his duties, and its opinion upon the various questions suggested by him. But it certainly would be very unseemly that these important questions should be decided on his *ex parte* application, without argument, and without hearing the parties affected by such decision. If we could look into the merits of the order appealed from, we should have no hesitation in saying that the Supreme Court acted wisely in withholding its opinion upon the questions submitted, under the circumstances.

The appeal should be dismissed, with costs.

Appeal dismissed.