## OSTRANDER *v.* FAY.

September, 1866.

Where evidence of good faith in a chattel mortgage has been given, to rebut the presumption of fraud arising from continued possession by the mortgagor, the finding of the jury thereon is conclusive. *So held,* where the mortgage was on a stock of merchandise, and required the mortgagor to take charge of and sell the goods, and apply the proceeds to the debt, by paying them over weekly to the mortgagee, and to follow the mortgagee's directions in the conduct of the business.

John Ostrander sued Lewis D. Fay, sheriff of Steuben, for conversion of the goods in a country store. Plaintiff claimed title under a chattel mortgage, given him by one Clayson, October 21, 1859, and duly filed. Defendant seized the goods on execution against Clayson, the mortgagor.

The mortgage contained stipulations "that the said Clayson shall take charge of the above mentioned stock of goods, and immediately proceed to open and carry on the business of merchandising at his own cost and expense in the store buildings before mentioned, and conduct and carry on the business in all respects, in a prudent, careful and merchant-like manner, subject, however, to the control, direction and general supervision of the said Ostrander, and apply the first proceeds and avails made from the sale of the said stock of goods, or any part thereof, to the payment of the said Ostrander's demand of $1,319.45, in manner following: . . . All the cash taken in to be paid over to the said Ostrander weekly, until the last mentioned sum is fully paid. . . . That the said Clayson is to follow the direction and advice of the said Ostrander in all matters connected with the said business, and not appropriate any of the money, or other means arising from the said business, until said Ostrander's demand is fully paid, without first consulting said Ostrander and obtaining his permission to do so." On December 29, 1857, Ostrander, the plaintiff, took possession of the goods under the usual danger clause.

At the trial defendant claimed that the mortgage was fraudulent and void upon its face, as matter of law.

*The judge* ruled that the question of fraud was for the jury, and charged them, among other things, that the mortgage was presumptively fraudulent, as against the creditors of Clayson, and that it was for the plaintiff to satisfy the jury, by proof, that it was made in good faith; that if it was intended by the mortgagee to cover up the property of Clayson, or any part of it, so that his creditors could not get their pay, the mortgage was fraudulent, otherwise it was not; that the jury should look at the transaction, in relation to the accounts, and if they find that it was any part of the scheme in the first instance to allow Clayson to sell on credit, and use the accounts so made for his own benefit, it would avoid the mortgage as to his creditors; and the jury should find for defendant.

The jury found for plaintiff, and the court, at general term, affirmed the judgment entered on their verdict. Defendant appealed.

*E. W. Chester*, for defendant, appellant.

*G. S. Jones*, attorney for plaintiff, respondent.

BY THE COURT.—HUNT, J. [After stating above facts.]—The charge was able and discriminating. It laid down the law correctly, and submitted the questions to the jury with plainness and fairness. The transaction was a questionable one, and a jury could appreciate it as well, and decide it as satisfactorily as the court. Under the cases of Ford *v.* Williams, 24 *N. Y.* 359; Same *v.* Same, 13 *Id.* 577, and Miller *v.* Lockwood, 32 *Id.* 293 (above), it would have been an usurpation of the functions of the jury, had the judge at the circuit assumed to decide the question of fraud, as a question of law. The same rule also is laid down in Gardner *v.* McEwen, 19 *N. Y.* 123, which is supposed by the appellant's counsel to sustain a different doctrine. Numerous requests to charge were submitted to the judge, which were refused, and various questions were raised upon the evidence offered. Upon a careful examination of them, I see no point in which an error was committed by the judge.

Judgment should be affirmed.

All the judges concurred.

Judgment affirmed, with costs.